**IN THE UNITED STATED DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JANET KOTASKA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: |
| | ) | |
| v. | ) | **COMPLAINT FOR VIOLATION OF** |
| | ) | **CIVIL RIGHTS AND SUPPLEMENTAL** |
| FEDERAL EXPRESS, | ) | **STATE CLAIMS** |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | **JURY DEMANDED** |

**COMPLAINT**

Plaintiff JANET KOTASKA, by and through her attorneys, ED FOX & ASSOCIATES, LTD., files the following complaint:

**<u>JURISDICTION AND VENUE</u>**

1.      This is an action pursuant to the United States Constitution and Title 29 of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 et seq., of 1967, as amended, Title VII of the Civil Rights Act of 1964, and Americans with Disabilities Act of 1990, 42 U.S.C. § 12101. This court has jurisdiction under 28 U.S.C. §1331, §1332 and § 1367.

2.      Venue is found proper in this judicial district by 28 U.S.C. § 1391.

3.      Plaintiff, Janet Kotaska, filed a charge for discrimination with the EEOC, and brought this lawsuit within the applicable time period.

**<u>PARTIES</u>**

4.      Plaintiff is a sixty one (61) year old female, with a disability that limits the use of her right arm in connection with lifting.

1

5.      Plaintiff resides within the jurisdiction of this Court, and has been employed by the Defendant since 1998, and was finally terminated on or about July 23, 2015.

6.      Plaintiff, as a citizen of the United States of America and Illinois, is entitled to all rights, privileges and immunities guaranteed to all citizens of the United States under the Constitution and Laws of the United States.

7.      At all times herein mentioned FEDERAL EXPRESS ("FEDEX") was and is believed and alleged hereon to be an Illinois corporation duly organized, existing, operating and doing business within the jurisdiction of this Court. FEDEX is also an employer subject to suit under Title VII in that Defendant "is in an industry affecting commerce and had 15 or more employees in each of 20 or more weeks in the current or preceding calendar year".

## FACTUAL ALLEGATIONS

8.      Plaintiff began her employment with FEDEX in 1998, and has worked various jobs, such as handler and courier.

9.      Defendant, FEDEX is a package handling and transporting company.

10.      During the years 1998 through 2011 Plaintiff received good reviews while she was employed by FEDEX.

11.      On or about October 20, 2011, Plaintiff was injured on the job and sustained a permanent rotator cuff injury.

12.      Plaintiff was out of work for a period of time due to her injury.

13.      Plaintiff was terminated the first time in or around mid-2012. This termination was not performance related.

2

14. At all relevant times Plaintiff has been disabled, as that term is defined under the ADA. Plaintiff is substantially limited in her ability to use her right arm. The disability was subsequent to and caused by her work related injury.

15. In or about April, 2015, FEDEX re-hired Plaintiff for a package handler position. Defendant indicated that it would and did purport to give Plaintiff an accommodation in this position to assist her in lifting certain packages. In this position, Plaintiff met and exceeded her employer's expectations.

16. After Plaintiff worked this position for nearly a month. She was then involuntarily put on a "leave of absence." At the time Plaintiff was not given a reason for being put on the leave of absence.

17. Plaintiff was informed that she had to be able to lift 75 pounds over her head to do any job. This is not, in fact, a FedEx policy and many employees cannot lift 75 pounds over their head and yet remain employed by Defendant.

18. At the time of Plaintiff's lave of absence and consistent with company policy, Plaintiff applied for many available jobs for which she was qualified over the following 90 days.

19. Plaintiff complained to management that she was being discriminated against.

20. Plaintiff was not hired for any of these jobs despite the fact that she was more qualified than similarly situated persons who were younger and/or male and/or without restrictions.

21. As a direct and proximate result of said unlawful employment practices and in disregard of the Plaintiff's rights and sensibilities, Plaintiff has suffered lost wages, has

3

suffered the indignity of discrimination, which has manifested in emotional distress, has harmed her earning capacity, disrupted her personal life, and caused the loss of enjoyment of the ordinary pleasures of life.

22.     By reason of the above-described acts and omissions of Defendants, Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to her in the within action so that he might vindicate the loss and impairment of her rights. By reason thereof, Plaintiff requests payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

23.     The aforementioned acts of the Defendant were reckless, willful, wanton, malicious, oppressive, and in callous disregard to and indifference to Plaintiff.  Thus, Plaintiff requests the assessment of punitive damages against the Defendant Sedgwick in a sum as determined according to law and proof.

## COUNT I

## PLAINTIFF AGAINST DEFENDANT FEDEX FOR DISCRIMINATION ON THE BASIS OF PLAINTIFF'S AGE IN VIOLATION OF TITLE 29 OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT

24.     Plaintiff re alleges paragraphs one (1) through twenty-three (23) as though fully set forth at this place.

25.     Plaintiff is a presently sixty (61) year old former employee of the Defendant.

26.     Plaintiff was qualified for the job that she held with Defendant beginning in April, 2015, and performed all job functions to FEDEX's legitimate employment expectations.

27.    Despite Plaintiff's performance, she was placed on a leave of absence and subsequently terminated by FEDEX in July of 2015.

28.    When Plaintiff was placed on the leave of absence, Plaintiff applied for many available positions for which she was qualified consistent with the Defendant's policies regarding job applications.

29.    Plaintiff was not hired for any of these jobs despite the fact that she was as qualified if not more qualified than similarly situated younger employees who were hired for the relevant positions.

30.    Defendant's actions, as described above, in placing Plaintiff on a leave of absence, not hiring her for any positions for which she applied and subsequently terminating her employment were intentional and in violation of Title 29 of the ADEA in that FEDEX acted to discriminate against Plaintiff because of her age.

31.    As a direct and proximate result of said unlawful employment practices and in disregard of the Plaintiff's rights and sensibilities, Plaintiff has suffered lost wages, the indignity of discrimination, which has manifested in emotional distress, and further has negatively impacted her future ability to support himself, harmed her earning capacity, disrupted her personal life, and caused loss of enjoyment of the ordinary pleasures of life.

## COUNT II

### PLAINTIFF AGAINST DEFENDANT FEDEX FOR DISCRIMINATION ON THE BASIS OF PLAINTIFF'S GENDER IN VIOLATION OF TITLE VII

32.    Plaintiff re alleges paragraphs one (1) through twenty-three (23) as though fully set forth at this place.

33.    Plaintiff is a former female employee of the Defendant.

34.    Plaintiff was qualified for the job she held with FEDEX and performed all job functions to FEDEX's legitimate employee expectations.

35.    As set forth above, despite Plaintiff's qualifications and job performance, she was intentionally discriminated against by FEDEX based on her gender.

36.    Similarly situated non-female employees were not subject to such discrimination as alleged above.

37.    Defendant's actions, as described above, are in violation of Title VII in that FEDEX acted to discriminate against Plaintiff in the terms and conditions of her employment because she is female.

38.     As a direct and proximate result of said unlawful employment practices and in disregard of the Plaintiff's rights and sensibilities, Plaintiff has suffered lost wages, has suffered the indignity of discrimination, which has manifested in emotional distress, has harmed her earning capacity, disrupted her personal life, and caused the loss of enjoyment of the ordinary pleasures of life.

6

## COUNT III

## PLAINTIFF AGAINST DEFENDANT FEDEX FOR DISCRIMINATION AND RETALIATION IN VIOLATION OF AMERICANS WITH DISABILITIES ACT OF 1990

39.     Plaintiff re alleges paragraphs one (1) through twenty-three (23) as though fully set forth at this place.

40.     As described above, Plaintiff is a former disabled employee of the Defendant.

41.     Despite Plaintiff's qualifications and job performance, and as alleged above, she was intentionally discriminated against by FEDEX based on her disability. Plaintiff was also subject to retaliation for complaining about her disability related discrimination.

42.     Defendant's actions, as described above, are in violation of Americans with Disabilities Act of 1990 in that FEDEX acted to discriminate and retaliate against Plaintiff in the terms and conditions of her employment because of her disability.   Defendant's actions also were in violation of the ADA in that the Defendant unreasonably failed to accommodate Plaintiff's disability despite the ability to do so. Defendant unlawfully placed Plaintiff on an involuntary leave of absence, subsequently refused to hire her, and then terminated her.

43.     As a direct and proximate result of said unlawful employment practices and in disregard of the Plaintiff's rights and sensibilities, Plaintiff has suffered lost wages, has suffered the indignity of discrimination, which has manifested in emotional distress, has harmed her earning capacity, disrupted her personal life, and caused the loss of enjoyment of the ordinary pleasures of life.

## COUNT IV

## PLAINTIFF AGAINST DEFENDANT FEDEX FOR
## THE SUPPLEMENTAL STATE CLAIM OF RETALIATORY TERMINATION

44.    Plaintiff re alleges paragraphs one (1) through twenty-three (23) as though fully set forth at this place.

45.    Plaintiff filed a worker's compensation claim and otherwise received worker's compensation benefits for her work related injury.  The Defendant was aware that Plaintiff filed a worker's compensation claim and otherwise obtained worker's compensation benefits.

46.    Defendant's reason for termination was pretextual; Plaintiff was terminated by Defendant in retaliation for exercising her rights to file a workers' compensation claim and to receive workers' compensation benefits.

47.    The aforementioned acts of Defendant were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or in disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial

48.    By reason of the above-described facts and omissions of Defendant, Plaintiff was subjected to humiliation and indignities and suffered physical, mental, and emotional pain and claims damage in an amount to be ascertained at time of trial. Plaintiff's claims compensatory damages in a sum to be ascertained according to proof at time of trial.

49.    As a result of the aforesaid acts of Defendant, Plaintiff has lost and will continue to lose income and benefits in an amount to be proven at time of trial. Plaintiff claims such amounts as damage, together with the prejudgment interest, pursuant to Illinois Law and/or any other provision of law providing for prejudgment damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, by and through his attorneys, Ed Fox & Associates, requests the following relief:

1.      That Plaintiff be granted general and compensatory damages in an amount to be determined at trial;

2.      That Plaintiff be granted special damages, including lost wages, in a sum to be ascertained;

3.      That Plaintiff be granted punitive damages in an amount to be determined at trial;

4.      That the Court grant to Plaintiff his reasonably incurred attorneys' fees, costs, litigation expenses, and pre-judgment interest; and

5.      That the Court grant such other and further relief as the Court may deem just or equitable.

BY:     s/ Edward M. Fox
        Edward M. Fox

ED FOX & ASSOCIATES, LTD.
Attorneys for Plaintiff
300 West Adams, Suite 330
Chicago, Illinois 60606
(312) 345-8877
efox@efoxlaw.com

9

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**


                      BY:    <u>s/ Edward M. Fox</u>
                                  Edward M. Fox

ED FOX & ASSOCIATES, LTD.
Attorneys for Plaintiff
300 West Adams, Suite 330
Chicago, Illinois 60606
(312) 345-8877
efox@efoxlaw.com

10